IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JANICE FAFORD**                                                                                          **PLAINTIFF**

**V.**                               **NO. 4:22-CV-00989-JTK**

**SOCIAL SECURITY ADMINISTRATION**                                          **DEFENDANT**

**ORDER**

**I. Introduction:**

Plaintiff, Janice Faford ("Faford"), applied for disability benefits and supplemental security income on March 24, 2020, alleging a disability onset date of October 31, 2017.[1] (Tr. at 21). After conducting a hearing, an Administrative Law Judge ("ALJ") denied Faford's application by written decision on June 30, 2021. (Tr. at 21-33). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Faford has requested judicial review.

For the reasons stated below, the Court [2] affirms the decision of the Commissioner.

---

[1] At the hearing, Faford amended her alleged onset date to December 24, 2019. (Tr. at 21).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. **The Commissioner's Decision:**

Faford meets the insured status requirements of the Social Security Act through December 31, 2022. (Tr. at 24). The ALJ found that Faford had not engaged in substantial gainful activity since the amended alleged onset date of December 24, 2019.[3] *Id*. The ALJ found, at Step Two, that Faford had the following severe impairments: stress fracture of the third metatarsal of the left foot, neuroma of the third interspace of each foot, neuropathy, osteoarthritis, hypertension, chronic obstructive pulmonary disease ("COPD"), depressive disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"). *Id*.

After finding that Faford's impairments did not meet or equal a listed impairment (Tr. at 25-27),[4] the ALJ determined that Faford had the residual functional capacity ("RFC") to perform work at the medium exertional level, with additional limitations: (1) no more than occasional climbing of ladders, ropes, or scaffolds; (2) no more than occasional exposure to dust, odors, fumes, and pulmonary irritants; (3) no more than occasional exposure to extreme cold and

---

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[4] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

extreme heat; (4) can understand, remember, and carry out simple and detailed work instructions; (5) can interact with supervisors and coworkers occasionally and superficially, and with the public occasionally; (6) changes in the work setting are limited to simple and detailed work with occasional changes; (7) supervision should be direct and concrete. (Tr. at 27).

At Step Four, utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that Faford is capable of performing her past relevant work as a stock clerk. (Tr. at 31-33). Therefore, the ALJ concluded that Faford was not disabled. *Id*.

### III. Discussion:

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not

warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Faford's Arguments on Appeal

Faford contends that the evidence supporting the ALJ's decision is less than substantial. She argues that the ALJ should have further developed the record and that the RFC did not fully incorporate her limitations.

Faford said at the hearing that she would go to a consultative examination if the ALJ ordered one. (Tr. at 64-66). She said she could have someone drive her to the exam if needed. *Id*. Her attorney stated that the Social Security Administration ("Agency") would set a hearing close in distance to where Faford lived, but the ALJ did not make any promises about that. *Id*.

4

Aware of his duty to develop the record, the ALJ ordered a consultative physical examination for May 28, 2021.[5] (Tr. at 357-374). It was to take place in Harrison, Arkansas, over 60 miles from Faford's residence. *Id*. The Agency staff called Faford's attorney's staff to let her know. *Id*. When Faford stated that Harrison was too far away, the Agency informed her that mileage could be reimbursed and that if she did not attend, the ALJ could make a decision without the examination report. *Id*. The Agency advised Faford's attorney to call back to discuss this and his staff did not call back. *Id*. On May 19, 2021, the Agency again called Faford's attorney's staff and the staff member said that Faford could not attend the hearing because it would "cause too much pain." *Id*. She said she would undergo a consultative examination with her physician and submit that paperwork in lieu of the Agency exam. *Id*. Importantly, while the ALJ waited two months to make his decision, Faford did not provide any additional evidence. Nothing was submitted to the Appeals Council after the hearing, and Faford's attorney did not mention additional evidence at the hearing. It does not appear that she ever had an exam with her doctor.

---

[5] An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving her disability; the ALJ does not have to play counsel for the claimant and the ALJ's duty to develop is not never-ending. Id. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011).

The ALJ wrote in his decision that Faford had not demonstrated good reason for missing the hearing. (Tr. at 22); 20 C.F.R. § 404.1518. She did not indicate illness on the day of the exam, did not show failure to receive notice of the exam, and did not show death or serious illness of a family member. *Id*. And Faford had said she could have someone drive her to the exam when the ALJ asked at the hearing. The Agency contacted Faford's attorney several times to discuss her concerns, and the ALJ left the record open for two months after the hearing to consider Faford's own evidence, which she did not provide. The ALJ fulfilled his duty to develop the record, and he is not at fault for Faford's failure to adhere to administrative proceedings.

Finally, Faford argues that the RFC does not incorporate her limitations.[6] She had foot problems, which were her main complaint, but objective imaging did not reveal conditions that could be considered disabling.[7] In fact, her doctors treated her problems conservatively with compression stockings, a walking boot,

---

[6] A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

[7] Faford also alleged mental health impairments, which the ALJ recognized. He pointed out that medication helped her symptoms. (Tr. at 31). He also incorporated the Agency psychological experts' impressions that Faford could perform simple work. *Id*.

and medications.[8] (Tr. at 27-30, 683, 698-740). She went to the doctor a few times in 2021 for minor illnesses, and she was in no acute distress at those visits. *Id.* Doctors recommended a healthier diet and more exercise.[9] (Tr. at 687). She was able to perform some daily activities. (Tr. at 133). No doctor placed any work-related restrictions on Faford. She did not require aggressive treatment like hospitalization or surgery.[10] The RFC incorporated Faford's credible limitations.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly developed the record and the RFC incorporated all of Faford's limitations. The finding that Faford was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

---

[8] The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

[9] A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

[10] Faford insists that he ALJ should not have relied upon the Agency medical expert's reports, which issued in May and September 2020. (Tr. at 115-133). Those reports stated that Faford could perform medium level work. (Tr. at 115, 133). These reports were based on a conservative course of treatment and no functional restrictions, among other things. Moreover, the ALJ made the RFC even more restrictive when he wrote his opinion six months later, indicating that he assimilated more recent records.

IT IS SO ORDERED this 16th day of November, 2023.

_____
UNITED STATES MAGISTRATE JUDGE